**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:18-CR-12 |
| BRITTANY LEEANN SLADE, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 9, 2020, to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson. The Government was represented by Camelia Lopez.

Brittany Leanne Slade was sentenced on June 29, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of not more than 5 years imprisonment. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of V, was 9 to 15 months. Brittany Leanne Slade was subsequently sentenced to 15 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug abuse, mental health treatment, acquire a high school equivalency certificate, and a $100 special assessment. On August 29, 2019, Brittany Leanne Slade completed her period of imprisonment and began service of the supervision term. On September 10, 2019,

this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On March 26, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 34, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) the defendant must not commit another federal, state, or local crime; (2) the defendant must not unlawfully possess a controlled substance; (3) after initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed; (4) the defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of the program until discharged; and (5) it is ordered the defendant shall pay to the United States a special assessment of $100 for Count 1, which shall be due immediately.

The Petition alleges that Defendant committed the following acts: (1) On September 18, 2019, Brittany Leanne Slade was arrested by the Mesquite Police Department and charged with the state jail felony offense of Possession of a Controlled Substance in Penalty Group 1 Less than 1 Gram (methamphetamine, Xanax) and Public Intoxication – Substance (misdemeanor). Charges remain pending out of Dallas County, Texas. On March 1, 2020, Ms. Slade was arrested by the Mesquite Police Department and charged with the felony offenses of Possession of a Controlled Substance in Penalty Group 1 More than 1 Gram but Less than 4 Grams (heroin) and Possession of a Controlled Substance in Penalty Group 1 Less than1 Gram (methamphetamine). Charges remain pending out of Dallas County, Texas; (2) On September 18, 2019, Ms. Slade was found in possession of methamphetamine and Xanax. On March 1, 2020, Ms. Slade admitted to using, and was found in possession of, methamphetamine and heroin; (3) Ms. Slade failed to submit monthly

supervision reports for the months of October 2019, November 2019, December 2019, January 2020, and February 2020 as instructed; (4) On January 30, 2020, Ms. Slade reported to the U.S. Probation Office and failed to submit a urine specimen, as requested, for purposes of drug testing; and (5) Ms. Slade failed to pay the special assessment as ordered by the Court. She has a remaining balance of $25.

Prior to the Government putting on its case, Defendant entered a plea of true to the Grade C violations in allegations 3, 4, and 5 of the Petition. The Government dismissed all Grade B violations and any remaining Grade C violations. Having considered the Petition and the plea of true to the Grade C violations in allegations 3, 4, and 5, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with a term of supervised release of twenty-three (23) months to follow.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of the special conditions originally imposed by the Court: (1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame; (2) While on supervised release, you must not commit another federal, state, or local crime; (3) You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance.

You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court; (4) You must provide the probation officer with access to any requested financial information for purposes of monitoring employment; (5) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (6) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Carswell, if appropriate.

**SIGNED this 7th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE